**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| John Carmichael and Susan Carmichael, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 9:16-cv-1641-PMD |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Hilton Head Island Development Company, LLC, Sunrise Vacation Properties, Ltd., Jesse Bellamy, Sheldon Stanhope, and Sherri Smith, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on two defense motions to dismiss for lack of jurisdiction (ECF Nos. 5 & 14),[1] two defense motions to compel arbitration, (*id.*), and Plaintiffs' motion to strike the arbitration provision on which Defendants rely (ECF No. 17). For the reasons stated herein, the Court denies the motions to dismiss and the motion to strike, grants the motions to compel arbitration, and dismisses this case without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

This case arises out of the marketing and sale of a timeshare interest on Hilton Head Island. In 2015, Plaintiffs John and Susan Carmichael purchased an interest in the Coral Sands Resort. The contract between the Carmichaels and the seller, Defendant Hilton Head Island Development Company, LLC, includes an arbitration paragraph that provides, in pertinent part, as follows:

---

1. Hilton Head Island Development Company, LLC filed the first motion. Sunrise Vacation Properties, Ltd., Sheldon Stanhope, and Sherri Smith jointly filed the second. The motions appear to be substantively identical.

   Jesse Bellamy has not made an appearance in this case, and the Court has no record of him being served with process. Thus, in this Order, "Defendants" means all named defendants except Bellamy.

1

> Any dispute, claim or controversy arising out of or relating to this Agreement or the making, breach, termination, enforcement, interpretation or validity thereof shall be determined by arbitration in Beaufort County, South Carolina, or another location agreed to by the parties. . . . The arbitration shall be held before a sole arbitrator and shall be binding with no right of appeal. . . . The parties shall select an arbitrator by mutual agreement within thirty (30) calendar days of the date the Demand for Arbitration is filed and served . . . .  If the parties are unable to agree on the selection of an arbitrator within such time, the parties shall petition the Beaufort County Court of Common Pleas to appoint a member of the Beaufort County Bar as an arbitrator.[2]

(Pls.' Mot. Strike Arbitration Provision, Ex. B, Contract, ECF No. 17-1, at 5.)

The Carmichaels filed suit in this Court in May 2016, alleging Defendants violated several South Carolina statutes and committed a variety of common-law tort offenses during the marketing and sale of the Carmichaels' timeshare. Defendants filed motions asking the Court to, *inter alia*, either dismiss this case for lack of jurisdiction or dismiss after ordering arbitration. The Carmichaels filed a single response to both defense motions. They also filed a motion to strike the arbitration provision from their contract. Defendants then filed a joint response opposing the Carmichaels' motion and a joint reply in support of the motions to dismiss. All these motions are thus ripe for consideration.

## DISCUSSION

As explained herein, the Court possesses subject matter jurisdiction over this case. Nevertheless, it will dismiss the case because the Carmichaels' claims are subject to arbitration.

### I.     Subject Matter Jurisdiction

Before the Court can address the arbitration provision's enforceability, it must first confirm it has jurisdiction over this matter. *See Ness v. Dean Witter Reynolds, Inc.*, 677 F. Supp. 861, 865 (D.S.C. 1987) ("[T]his court must first have . . . an independent basis for federal

---

2.     Hilton Head Island is part of Beaufort County.

jurisdiction before it may decide [an] arbitration issue."). Defendants assert jurisdiction is lacking and have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1).

Because the Carmichaels assert only state-law claims, the Court must determine whether it has diversity jurisdiction under 28 U.S.C. § 1332. Generally, diversity jurisdiction exists when: (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The diversity requirement is satisfied here. The Carmichaels are Maryland citizens, and Defendants do not dispute the complaint's allegations that they are all South Carolina citizens. As for the amount in controversy, Defendants contend the Carmichaels have not shown that their claims involve more than $75,000.00.

The Carmichaels allege they "are entitled to actual, incidental, consequential, treble, and punitive damages in an amount to be determined at trial, as well as attorneys' fees, costs, and expenses, in an amount exceeding $75,000.00." (Compl., ECF No. 1, at ¶ 60.) Nothing in the record suggests—and Defendants do not contend—that the Carmichaels made that allegation in bad faith. The Court therefore relies on it.[3] *See Clifton v. Nationstar Mortg., LLC*, No. 3:12-cv-2074-MBS, 2013 WL 789958, at *6 (D.S.C. Mar. 4, 2013) (rejecting motion to dismiss based on insufficient amount in controversy; plaintiff alleged his damages exceeded $75,000.00, and in the absence of any defense accusation that plaintiff made the allegation in bad faith, court

---

3. Other materials tend to support that allegation. For example, the timeshare contract, which is repeatedly referenced in the complaint, indicates the Carmichaels paid $10,000.00 for their timeshare interest. The contract also states the Carmichaels are to share in the payment of the resort's common expenses, assessments, maintenance fees, and other operating expenses. The Carmichaels allege their purchase of the timeshare and their execution of the contract were induced by Defendants' fraudulent misrepresentations. The Carmichaels seek actual, consequential, and punitive damages for that alleged fraud. Even assuming the Carmichaels could not establish any damages beyond the $10,000.00 purchase price, this Court would not be able to say that an additional punitive damages award of 6.5 times that amount would be unachievable. *Cf. Cody P. v. Bank of Am., N.A.*, 720 S.E.2d 473, 483 (S.C. Ct. App. 2011) (upholding punitive damages award 7.69 times greater than actual damages award).

could rely on it); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). The Court therefore denies Defendant's motions to dismiss for lack of subject matter jurisdiction.

## II.     The Arbitration Provision

Defendants contend the arbitration provision in the Carmichaels' contract is enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"). The Court agrees.

The Fourth Circuit has instructed that courts are to compel arbitration when the following elements are met:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

*Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (citing *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). Defendants have established these elements, and in any event, the Carmichaels do not dispute that the elements are met or that the FAA applies in the first place. Rather, they make the same two arguments in both their motion to strike the arbitration provision and their opposition to Defendants' motions to compel arbitration. The Court finds no merit in either argument.

The Carmichaels first contend their timeshare contract does not comply with South Carolina Code subsection 15-48-10(a), which provides, in pertinent part, that "[n]otice that a contract is subject to arbitration pursuant to [the South Carolina Uniform Arbitration Act, S.C.

4

Code Ann. §§ 15-48-10 to -240] shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract." Whether the contract complies with subsection 15-48-10(a) is immaterial. For two decades, South Carolina's Supreme Court has recognized that the FAA preempts subsection 15-48-10(a) and, accordingly, that arbitration agreements subject to the FAA need not comply with that state statute. *See Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 476 S.E.2d 149, 152 (S.C. 1996); *see also, e.g.*, *Low Country Rural Health Educ. Consortium, Inc. v. Greenway Med. Techs., Inc.*, No. 9:14-cv-874-DCN, 2014 WL 5771850, at *6 (D.S.C. Nov. 5, 2014) (holding that, under *Soil Remediation*, contract subject to the FAA was enforceable despite its noncompliance with subsection 15-48-10(a)). Because the Carmichaels' contract undisputedly involves interstate commerce, the FAA applies. Consequently, the timeshare contract's alleged noncompliance with subsection 15-48-10(a) would not prevent arbitration.

The Carmichaels' second argument relates to the arbitration provision's mechanism for selecting an arbitrator. The parties have thirty days to choose an arbitrator by mutual agreement. If they cannot do so, they must ask the state court to appoint a member of the Beaufort County Bar to arbitrate the dispute. The Carmichaels contend that Defendants have made the mechanism impossible to use and that, under *Grant v. Magnolia Manor–Greenwood, Inc.*, 678 S.E.2d 439 (S.C. 2009), the impossibility invalidates the arbitration provision.

Assuming, without deciding, that *Grant* is on point, the Court is not convinced that the selection mechanism is impossible to use. The Carmichaels baldly assert they are unable to agree with Defendants on any arbitrator, but they have provided no evidence that they have served an arbitration demand or even discussed arbitration with Defendants, let alone that they

5

are at loggerheads with Defendants over picking an arbitrator. Rather, the Carmichaels appear to contend mutual agreement cannot be achieved here because their attorneys and defense counsel have been unable to agree upon arbitrators in other timeshare cases. However, past disagreement is a dubious basis for predicting the outcome here. In at least one of those past instances, the arbitration provision restricted the parties' mutual-agreement options to arbitrators approved by the South Carolina Bar Association, and the record indicates that restriction complicated the arbitrator selection process. By contrast, the arbitration provision here contains no such restriction. Moreover, Defendants have come forward with several examples of timeshare cases where the parties selected arbitrators without judicial intervention. It therefore seems entirely plausible that the parties could find a mutually agreeable arbitrator.

Even if the Carmichaels could show a pattern of defense recalcitrance that would make mutual agreement impossible in this case, that would not render the contract's arbitrator selection mechanism useless. To the contrary, the arbitration provision contemplates such a scenario: in such circumstances, the state court selects a member of the Beaufort County Bar Association to serve as arbitrator. The Carmichaels contend that all potential arbitrators are unavailable because they either have a conflict of interest or they have arbitrated other timeshare cases and Defendants object to reusing arbitrators. The Carmichaels have not provided any evidence of Defendants objecting to the reuse of arbitrators, but regardless, such an objection would have no effect on the state court's authority to select an otherwise qualified arbitrator.

In sum, the Court sees nothing that legitimately prevents the parties from obtaining an arbitrator, either by agreement or with the state court's assistance. The Court therefore rejects the Carmichaels' impossibility argument. There being no other challenges to the arbitration

provision's validity, the Court concludes the provision is enforceable. Consequently, the Court will deny the motion to strike the provision and grant the motions to compel arbitration.

Having concluded the arbitration provision is enforceable, the question becomes which of the Carmichaels' claims must be arbitrated. Defendants contend—and the Carmichaels do not dispute—that all the claims are arbitrable. Where all the claims in a case are arbitrable, the proper course of action is to dismiss the case. *See Choice Hotels Int'l v. BSR Tropicana Resort*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Court will therefore dismiss this action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' motions to dismiss for lack of jurisdiction are **DENIED**. It is **FURTHER ORDERED** that the Carmichaels' motion to strike is **DENIED**, Defendants' motions to compel arbitration are **GRANTED**, and this action is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 30, 2016**
**Charleston, South Carolina**